IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------x
:
PATRICIA BRACA and              :    3:13 CV 1036 (JBA)
JOHN BRACA                      :
                                :
v.                              :
                                :
EMC MORTGAGE CORP.,             :    DATE: JULY 23, 2013
ET AL.                          :
                                :
---------------------------------------------------x

RULING ON PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IFP, RULING ON PLAINTIFFS' MOTION TO SEEK STAY(S), RULING ON PLAINTIFFS' MOTION TO OPEN JUDGMENT, AND RULING RECOMMENDING DISMISSAL

On July 18, 2013, plaintiffs Patricia and John Braca commenced this action, pro se, against defendants EMC Mortgage Corporation, First Connecticut Capital Mortgage Fund, First Connecticut Capital, Mortgage Pool No. 1, Goldman, Gruder and Woods LLC, Lawrence Yurdin, Michael Goldman, Jan Cohen, Hedy Kanarick, Harold Silver, Pearl Silver, Ronald Simonelli, and David Snow.  (Dkt. #1).  On the same day, plaintiffs filed a Motion to Seek Stay(s) of foreclosure on Patricia Braca's primary residence, the property owned by Homes of Westport LLC on 3 Grays Farm Road in Westport, Connecticut, and the personal judgments against Patricia Braca  (Dkt. #3), along with a Motion to Open Judgment entered in Bridgeport Superior Court. (Dkt. #4).  Plaintiffs  also filed a Motion for Leave to Proceed In Forma Pauperis. (Dkt. #2).   On July 22, 2013, United States District Judge Janet Bond Arterton referred these motions to this Magistrate Judge.  (Dkt. #8).

The decision to grant in forma pauperis status is a two-step process: (1) first, the court determines whether a plaintiff's financial status merits proceeding with the action without prepaying the filing fee, and if it does, (2) the court considers the merits of the claim.

Andrews v. Conn., No. Civ. 3:04 MO 345 (TPS), 2005 WL 2136913, at *1 (D. Conn. Aug. 19, 2005)(citation omitted).  The same statute that authorizes the Court to grant in forma pauperis status to plaintiff also contains a provision that protects against the abuse of this privilege.  Subsection (e) provides that the Court "shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. 1915(e)(2)(B).  A claim is "frivolous" if it lacks an arguable basis in either law or fact.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hidalgo-Disla v. INS, 52 F.3d 444, 446-47 (2d Cir. 1995).

Federal courts are courts of limited jurisdiction.  U.S. CONST., Art. III.  To come within this Court's subject matter jurisdiction, plaintiff must plead a colorable claim arising under the Constitution or laws of the United States, or a claim between parties with complete diversity of citizenship and damages exceeding $75,000.  See Da Silva v. Kinsho Int'l Corp, 229 F.3d 358, 363 (2d Cir. 2000).

The financial affidavit accompanying plaintiffs' Motion for Leave to Proceed In Forma Pauperis satisfies the first step for this Court's consideration.  However, in considering the second step of the requisite analysis, this Court lacks jurisdiction over plaintiffs' claims of "banking fraud" claims which they assert under the criminal code, 18 U.S.C. § 1344, and 18 U.S.C. § 1014, and although plaintiffs allege a violation of the Fair Housing Act, 42 U.S.C. § 3605, plaintiffs do not allege discrimination in the residential real estate transaction on the basis of "race, color, religion, sex, handicap, familial status, or national origin."  Additionally, this case, as plaintiffs allege, is "related" to Braca v. Leventhal et al, 3:13 CV 874(JBA), filed on June 18, 2013, in which plaintiffs assert fraud and seek to challenge state court

judgments.[1]  As this Magistrate Judge explained in the Ruling Recommending Dismissal in that case:

> Plaintiffs' claims for alleged injuries resulting from state court judgments are barred from district court review by the Rooker-Feldman doctrine.  See Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005)(explaining the Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting the district court review and rejection of those judgments."), quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

(3:13 CV 874(JBA), Dkt. #8, at 2-3).[2]

For the reasons stated above, the plaintiffs' Motion to Proceed In Forma Pauperis (Dkt. #2) is granted.  However, this Magistrate Judge cautions plaintiffs on the abuse of this privilege.[3]  Additionally, jurisdiction over plaintiffs' claims is lacking; thus, this Magistrate Judge recommends to Judge Arterton that this case be dismissed in its entirety.  Additionally, in light of this recommended conclusion, plaintiffs' Motion to Seek Stay(s) (Dkt. #3), and

---

[1] See note 2 infra.

[2] Plaintiffs have an objection to this Recommended Ruling of Dismissal pending before Judge Arterton.  (See Dkt. #11).

Additionally, these two cases pending before Judge Arterton are not the only cases brought in this Court, arising out of the same series of events. (See Dkt. #2, at 5 (plaintiff John Braca avers that the only "Previous Litigation" filed in this district is the 13 CV 874(JBA) case)).

To the contrary, plaintiffs have attempted to remove three cases from state court, each filed by defendants named in this case, all three of which have been remanded back to state court where jurisdiction is proper; in each case, plaintiffs' Motion to Remand was granted on May 17, 2013, plaintiffs filed a Notice of Appeal and a Motion for Leave to Proceed In Forma Pauperis one week later, and one week thereafter, on May 31, 2013, the IFP motions were denied on the ground that the appealsl were "frivolous" and not taken in "good-faith," noting U.S. District Judge Michael P. Shea's "threat of sanctions" should plaintiffs file new motions for removal to federal court.  See First Connecticut Capital LLC et al v. Braca et al, 3:13 CV 551 (MPS)(WIG), Dkts. ##21, 24-25, 27-29; EMC Mortgage Corp. v. Braca et al, 3:13 CV 566 (MPS(WIG)), Dkts. ##18, 20-21, 23-25; First Connecticut Capital Mortgage Fund A Limited Partnership v. Braca et al, 3:13 CV 593 (MPS)(WIG), Dkts. ##14, 17-18, 20-22).

[3] See note 2 supra.

3

plaintiffs' Motion to Open Judgment (Dkt. #4) are <u>denied without prejudice to renewal, if appropriate.</u>

<u>See</u> 28 U.S.C. § 636(b)(**written objections to ruling must be filed within fourteen days after service of same**); F<small>ED</small>. R. C<small>IV</small>. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Sec'y, H & HS</u>, 892 F.2d 15, 16 (2d Cir. 1989)(**failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit.**).

Dated at New Haven, this 23rd day of July, 2013.

      /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge